Filed 11/13/14  P. v. Jones CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>       v.<br><br>DANNY DARNELL JONES,<br><br>       Defendant and Appellant. | B254404<br><br>(Los Angeles County<br>Super. Ct. No. MA054195) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Bernie C. LaForteza, Judge.  Appeal dismissed.

Danny Darnell Jones, in pro. per.; and William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Representing himself pursuant to *Faretta v. California* (1975) 422 U.S. 806 [95 S.Ct. 2525], defendant Danny Darnell Jones entered a negotiated plea of no contest to violating Penal Code section 136.1, subdivision (b)(2), dissuading a crime victim from assisting in the prosecution of a criminal charge. Defendant also admitted the truth of a prior "strike" conviction allegation. In conformity with the plea agreement, the trial court sentenced defendant to a second strike term of four years. As part of his plea, defendant waived all accrued presentence custody credits. Defendant's request for a certificate of probable cause was denied.

Defendant's plea stemmed from a September 9, 2011 incident in which he damaged Charletta Hodges's garage door by kicking and punching it. In the days after defendant's arrest, he contacted Hodges a number of times by phone and text message and asked her to cause the charges to be dismissed.

Notwithstanding his lack of a certificate of probable cause, defendant appealed. We appointed counsel to represent defendant on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. Defendant filed two supplemental briefs.

Defendant's no contest plea and inability to obtain a certificate of probable cause limit the potential scope of defendant's appeal to "grounds that arose after entry of the plea and do not affect the plea's validity" or "the denial of a motion to suppress evidence under Penal Code section 1538.5." (Pen. Code, § 1237.5, Cal. Rules of Court, rule 8.304(b).) Defendant's propria persona supplemental briefs raise numerous issues that lie outside the scope of cognizable issues in this appeal: ineffective assistance of several attorneys who previously represented him at various times during the proceedings, the felony nature of the charges, rulings on various pretrial motions (other than to suppress evidence), failure to award him presentence credits for time he spent in federal custody, and misstatements of fact in the probation report. We note defendant filed a motion purportedly under the authority of Penal Code section 1538.5, but it addressed photographs taken by the police of the damage to the garage door and text messages on

2

Hodges's phone, shown to them by Hodges.  The trial court denied that motion on the ground defendant lacked standing.  More significantly, the evidence to which the motion pertained was not obtained by means of a search or seizure.

We have examined the entire record and have found that no arguable issues of any sort exist, let alone issues cognizable without a certificate of probable cause.  We are satisfied that defendant's attorney has fully complied with his responsibilities.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED


                                          MILLER, J.*

We concur:


CHANEY, Acting P. J.


JOHNSON, J.

---

        * Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.